AO 472 (Rev. 09/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | |
|---|---|
| United States of America<br>v.<br><br>ANDRE TAYLOR<br>*Defendant* | )<br>)<br>) Case No. 20-20515<br>)<br>) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above.
**OR**
☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☑ Subject to lengthy period of incarceration if convicted
☑ Prior criminal history
☑ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district

AO 472 (Rev. 09/16) Order of Detention Pending Trial

☐ Significant family or other ties outside the United States
☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☑ Prior failure to appear in court as ordered
☑ Prior attempt(s) to evade law enforcement
☑ Use of alias(es) or false documents
☐ Background information unknown or unverified
☑ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

See attached.

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: December 11, 2020

_Judge's Signature_

David R. Grand, U.S. Magistrate Judge
_Name and Title_

Andre Taylor was initially charged in a criminal complaint on June 4, 2020, with Mail Theft, Wire Fraud, and Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1708, 1343, and 1028A, respectively. The charges related to Taylor's alleged involvement in the theft from the U.S. Mail of credit cards and unemployment benefit cards, and their subsequent use by Taylor to purchase gift cards. Taylor made his initial appearance before the undersigned on June 5, 2020, and he was released on an unsecured bond with various conditions, including that he (1) not violate any federal, state, or local law while on release, (2) that he restrict his travel to the State of Michigan, and (3) that he not possess a firearm or other dangerous weapon. Taylor was advised of the serious consequences he could face if he violated the conditions of release, including his bond being revoked.

Unfortunately, Taylor did not heed this warning. The government presented substantial evidence that following his release, Taylor traveled to Miami, Florida and Los Angeles, California without permission, and that he engaged in new criminal conduct similar to that for which he is charged, but apparently of a far greater magnitude. On September 9, 2020, the government moved the Court to revoke Taylor's bond. (ECF No. 12.) Attached to the government's motion are photos pulled from numerous social media posts made by Taylor while he was on bond in which he appears to not only brag about having illegally obtained hundreds of thousands of dollars, but to back up his statements by fanning out enormous sums of cash, displaying himself wearing jewelry and bragging about its value exceeding $100,000, and making incriminating statements about how he obtained the funds. Other photos appear to show Taylor in possession of firearms and narcotics. In one photo, Taylor is seen entering a car while a person in the passenger seat is holding a high-powered assault rifle with a large drum magazine. And, the photos confirm Taylor's presence in Florida and Los Angeles.

The Court set a hearing date on the government's motion for September 21, 2020. Taylor failed to appear and the Court issued a warrant for his arrest. He was eventually apprehended in California. He had false identification on him, and debit cards in other persons' names. He also had four cell phones, some of which had been used to access websites used to purchase victims' personal information, and other "tools" of the fraud trade, such as blank credit cards and an embosser. Taylor was detained and transported back to the Eastern District of Michigan. He made an appearance before a different magistrate judge on November 30, 2020, and was ordered temporarily detained. Despite the fact that the government's motion to revoke bond remains pending, a docket notation indicates, "Attorneys agreed to set Detention hearing on 12/10/20 at 1pm."

On December 10, 2020, the undersigned presided over the detention hearing, and a brief discussion took place on the record regarding the standards that would apply. The government's motion to revoke bond was made pursuant to 18 U.S.C. § 3148, which provides, in relevant part:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer—
>
> (1) finds that there is—
>
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>
> (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that—
>
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>
> (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

18 U.S.C. § 3148(b)(1), (2).

On the other hand, under standards applicable to detention hearings, generally, a defendant is only to be detained if the government shows either, by clear and convincing evidence that no condition or combination of conditions can reasonably assure the community's safety, or by a preponderance of the evidence that no condition or combination of conditions can reasonably assure the defendant's appearance in court. 18 U.S.C. § 3142; *U.S. v. Hinton*, 113 Fed. Appx. 76, 77 (6th Cir. 2004) (citing *U.S. v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003)) ("The government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or the community by clear and convincing evidence."). In the end, the standard to be applied is a moot point; while a closer call under Section 3142 than Section 3148, detention

is warranted under either statute. Accordingly, the Court will focus its analysis on the familiar Section 3142 factors.

The nature and circumstances of the offenses charged favor releasing Taylor on a bond as they do not involve the type of specified offenses in this section of the statute. 18 U.S.C. § 3142(g)(1).

Taylor's own actions show that the weight of the evidence of his risk of non-appearance is exceedingly strong. He was well aware that he was not to leave Michigan without permission, yet Taylor left the district without permission and went to both Florida and Los Angeles. Not only did Taylor fail to proffer any reasonable explanation that might excuse his travel, but his behavior as seen through his own social media posts and his possession of false identification and other fraud "tools" upon his arrest in Los Angeles demonstrate a clear disregard of the bond conditions. Moreover, given the ease with which Taylor is apparently able to obtain vast sums of money, the evidence establishes he has or could obtain the means to flee.

Taylor's history and characteristics favor detention as well. Essentially, the overwhelming evidence is that Taylor does not respect the law or the Court's supervision, and that he is unwilling to abide by bond conditions. Although his criminal history is relatively minor, it includes a 2015 conviction for falsely obtaining credit, and September 2018 convictions for Felony Police Officer – Fleeing, and Felony Financial Transaction Device Possession. Taylor served 76 days in jail and has been on probation since. Thus, he was on probation when the criminal conduct for which he is charged in this case took place. Still, the Court released him on a bond after his initial appearance. Unfortunately, rather than complying with his bond conditions, Taylor brazenly flaunted them. He left the district to visit both coasts, and he appears to have engaged in the exact same conduct for which he was charged in the first place. Indeed, given Taylor's boasts and the photos of him with enormous stacks of cash, expensive jewelry and automobiles, firearms and illegal substances, Taylor's conduct appears to be significantly escalating.

Taylor's principal response to all of this is that a psychologist has opined that he has a mental health issue that requires treatment and that if he obtains this treatment and is monitored, he will not pose a danger to the community or risk of non-appearance. (ECF No. 27-15.) While the Court wishes to see Taylor receive any treatment that would be beneficial to his well-being, nothing in the record gives the Court confidence that he would actually participate in that treatment and would not flee, as he did before. This concern is made significantly more acute by Taylor's apparent easy access to enormous amounts of money, particularly through fraudulent submissions to unemployment benefits programs which are overwhelmed with claims in today's challenging times. No tether – which can easily be cut – or even order of home confinement is reasonably likely to compel Taylor's compliance with bond conditions.

Finally, Taylor argues that he is overweight, and suffers from hypertension and asthma, and that as a result, it would be unreasonably dangerous to place in him in a custodial setting in light of the COVID-19 pandemic.  (ECF No. 27, PageID.108.) However, Taylor presented no medical evidence regarding any of these physical ailments, and his unsupported assertions do not overcome the other reasons explained above that warrant his detention.  *See*, *e.g.*, *United States v. Bothra*, 2020 WL 2611545 (6th Cir. May 21, 2020) (holding that even if someone's age or medical condition might render them more susceptible to the COVID virus, "without more, a generalized risk of contracting COVID-19 does 'not amount to a 'material change of circumstances warranting a renewed evaluation of [a] prior detention order.'").

For all of the above reasons, the Court finds that the government has shown, by a preponderance of the evidence, that no condition or combination of conditions exist that would reasonably assure Taylor's appearance in Court if he were to be released on a bond. Accordingly, detention is warranted.