**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**

        Plaintiff,

                              CASE NO. 2:20-cr-20515

v.

**ANDRE TAYLOR JR.,**

    **Defendant**

_____/

**STIPULATION REGARDING TRIAL SCHEDULE AND EXCLUDABLE
TIME UNDER THE SPEEDY TRIAL ACT**

IT IS HEREBY STIPULATED AND AGREED, by and between defendant Andre Taylor Jr. and his attorney of record, and the United States of America, through its attorney of record, as follows:

1. The parties have agreed to a trial date on or after September 20, 2021, depending on the Court's availability.

2. The parties have further agreed to the following deadlines:

   - Motions cut-off date: July 2, 2021

   - Plea cut-off date: August 2, 2021

- Final Pretrial Conference on or after September 7, 2021 (subject to the Court's availability)

3. As noted above, the parties have agreed that the trial in this matter should begin on or after September 20, 2021. This delay is requested based on the ends of justice and the interests of the defendant, within the meaning of 18 U.S.C. § 3161(h)(7), due to factual and legal complexity of the case, the extensive volume of discovery to be analyzed and reviewed, the need for the parties to file and resolve substantive pretrial motions, and because travel restrictions, limitations on jail visitation, and other logistical issues caused by the COVID-19 pandemic have posed significant challenges to preparing for trial. Specifically, the parties note that discovery in this case involves material obtained from approximately nine search warrants, extensive bank and accounting records, numerous photos and videos from surveillance cameras, and over 40 reports of interviews. Several of the warrants, including the search of defendant's electronic devices and his Instagram account, resulted in massive downloads of data that will take some time to work through.

4. The delay based on the aforementioned considerations is in the ends of justice and outweighs the interests of the public and the defendant in the

speedy trial of this matter. The parties therefore stipulate and agree that the period from January 20, 2021 through September 20, 2021 (or anytime thereafter that the Court may set for trial) is excludable under the terms of the Speedy Trial Act, 18 U.S.C. § 3161.

IT IS SO STIPULATED.

| *s/ John K. Neal* | *s/Arthur J. Weiss* |
|---|---|
| John K. Neal | Arthur J. Weiss |
| Assistant United States Attorney | Attorney for Defendant |
| 211 W. Fort Street, Suite 2001 | 30445 Northwestern Highway, No. 225 |
| Detroit, MI 48226 | Farmington Hills, MI 48334 |
| (313) 226-9644 | (248) 855-5888 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

        Plaintiff,

CASE NO. 2:20-cr-20515

v.

ANDRE TAYLOR JR.,

    Defendant

_____/

## ORDER REGARDING TRIAL SCHEDULE AND EXCLUDABLE TIME UNDER THE SPEEDY TRIAL ACT

The Court hereby sets the following schedule regarding the litigation of this matter:

- Motions Cut-off date: July 2, 2021

- Plea cut-off date: August 4, 2021 @ 2:00 p.m.

- Final Pretrial Conference: August 31, 2021 @ 2:00 p.m.

- Trial: September 13, 2021 @ 8:30 a.m.

The Court has considered the parties' stipulation and for a finding that the

4

time period from January 21, 2021, until September 13, 2021 as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). For the reasons described in the parties' submission, and after considering the factors listed in § 3161(h)(7)(B), the Court finds that the ends of justice served by granting the parties' requested trial date outweigh the best interests of the public and the defendant in a speedy trial and that the time from January 21, 2021 to September 13, 2021 qualifies as excludable delay under § 3161(h)(7). Specifically, the Court notes the need for defense counsel to review the discovery in this case and to determine its relevance to pretrial motions and trial, and that given the complexity of the case and the charges and the substantial discovery the matter entails (especially discovery generated from searches of electronic devices and the defendant's social media account), a continuance is necessary to ensure that a meaningful review of discovery can take place. Meaningful review of discovery and trial preparation is challenging not only because of the volume of discovery in this case, but also because of travel restrictions, limitations on jail visits, and other logistical challenges created by the ongoing COVID-19 pandemic. The interests of justice require such a substantial continuance to permit defense counsel time to review discovery and prepare for trial, and the court finds that those interests would be compromised if the requested continuance of the trial date in this case is not

granted.

**IT IS THEREFORE ORDERED** that the time from January 21, 2021, to September 13, 2021 shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

SO ORDERED.

Dated:  January 21, 2021                              s/Mark A. Goldsmith
       Detroit, Michigan                              MARK A. GOLDSMITH
                                                          United States District Judge